[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 8, 2006
THOMAS K. KAHN
CLERK

No. 05-15483
Non-Argument Calendar

_____

D. C. Docket No. 04-00261-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO PLATA-MORA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 8, 2006)**

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Guillermo Plata-Mora appeals his 168-month sentence for

conspiracy to possess with intent to distribute and possession with intent to

distribute cocaine onboard a vessel subject to U.S. jurisdiction, in violation of 46 U.S.C. App. § 1903(a), (g), and (j). On appeal, Plata-Mora argues that his sentence is unreasonable because: (1) "he is an illiterate young man who lives in grinding poverty;" and (2) "[h]is only other career path is borderline malnutrition and an early death." Plata-Mora contends that, because he received the exact same sentence after his case was remanded for resentencing based on *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the district court incorrectly applied the guidelines as mandatory. He further argues that the sentence does not serve the purposes of retribution or punishment.

We review a defendant's final sentence for reasonableness. *United States v. Martinez*, 434 F.3d 1318, 1322-23 (11th Cir. 2006); *Booker*, 543 U.S. at 261, 125 S. Ct. at 765-66. A sentence within the guideline range is not presumptively reasonable. *See United States v. Talley*, 431 F.3d 784, 787 (11th Cir. 2005) ("reject[ing] the [government's] argument . . . that a sentence within the Guidelines range is per se reasonable").

In determining whether a sentence is reasonable, the district court should be guided by the factors in 18 U.S.C. § 3553(a). *Booker*, 543 U.S. at 261, 125 S. Ct. at 765-66; *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). Those factors include: (1) the guideline range; (2) the nature and circumstances of

2

the offense; (3) the history and characteristics of the defendant; and (4) the need for the sentence imposed to reflect the seriousness of the offense, to provide punishment, and to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a). Although the sentencing court must be guided by these factors, we have held that "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in [§] 3553(a) is sufficient under *Booker*." *Talley*, 431 F.3d at 786. Although a sentence within the guideline range is not per se reasonable, we ordinarily expect such a sentence to be reasonable. *Id.* at 787-788. The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. *Id.* at 788.

Because the record in this case demonstrates that the district court considered the § 3553(a) sentencing factors and the advisory guideline range in sentencing Plata-Mora, and because we conclude that the sentence imposed was reasonable, we affirm Plata-Mora's sentence.

**AFFIRMED.**